UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.

| | |
|---|---|
| DON COSGROVE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| RKR MOTORS, INC. d/b/a Mercedes-Benz of | ) |
| Pompano d/b/a Autonation and MERCEDES- | ) |
| BENZ USA, LLC d/b/a Autonation d/b/a | ) |
| Mercedes-Benz of Pompano, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff DON COSGROVE ("Plaintiff"), by and through the undersigned counsel, sues defendants RKR MOTORS, INC. d/b/a Mercedes-Benz of Pompano d/b/a Autonation and MERCEDES-BENZ USA, LLC d/b/a Autonation d/b/a Mercedes-Benz of Pompano ("Defendants") and alleges:

## NATURE OF ACTION

1.     This is an action to recover damages for discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA").

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 626(c)(1) *et seq*., 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), and 1367 (a).

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within Broward County, Defendants have its principal place of business and resides within Broward County, and because the employment records of Plaintiff are stored or have been administered in Broward County.

4.      Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5.      At all times material, Plaintiff was a resident of Broward County, Florida.

6.      At all times material, Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f), and a "person" and "aggrieved person" as defined by Fla. Stat. § 760.02 (6) and (10). Plaintiff specifically incorporates the definitions of "employee," "person," and "aggrieved person."

7.      At all times material, Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630(a); U.S.C. § 2000e(a) and (b); and (b) and Fla. Stat. § 760.02 (6) and (7). Plaintiff specifically incorporates the definitions of "person" and "employer."

8.      At all times material, Defendants employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9.      Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

    a.   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, on or about December 4, 2020.

    b.   Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about June 3, 2021.

    c.   Plaintiff is filing this action more than 180 days after he filed his Charges of Discrimination.

11.     Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiff is a 63-year old male.

13.     Plaintiff was hired by Defendants on or about April 1, 1984, as a line technician (mechanic).

14.     Plaintiff performed his job admirably and was revered by his colleagues with whom he worked.

15.     Nearly 6 years after being hired, on or about 1990 Plaintiff was promoted to the position of Shop Foreman manager.

16.     At the time of transfer, Plaintiff was approximately 32 years old.

17.     As shop foreman manager, Plaintiff worked an average of 50-60 hours a week and was never paid overtime compensation.

18.     During Plaintiff's employment with Defendants he broke his right wrist. Plaintiff's broken wrist was a severe injury, which caused him restricted use of his right arm/hand.

19.     Even after suffering the severe injury from his broken wrist, Plaintiff was well able to perform his job duties and responsibilities as Shop Foreman Manager.

20.     Ms. Ailed Riverol ("Manager Riverol") became Plaintiff's manager during 2016, at which time Plaintiff was 58 years old.

21.     Beginning in or about 2017, Manager Riverol would often ask Plaintiff when he was going to retire and called him an "old man."

22.     After General Manager Mike Lucia ("General Manager Lucia") was brought in, General Manager Lucia and Manager Riverol made remarks to Plaintiff that were harassing and intimidating to Plaintiff. These remarks included being asked at least once a week when he was going to retire.

23.     Additionally, Manager Riverol often micromanaged Plaintiff's work by requiring Plaintiff complete the work that was the responsibility of other employees and by closely overlooking Plaintiff's work more so than needed. Manager Riverol would also try to undermine Plaintiff's work by giving him incorrect instructions.

24.     Plaintiff felt he was being "walked all over" by Manager Riverol and Mr. Lucia.

25.     Then, in April of 2020 soon after the start of the Covid-19 pandemic, Plaintiff was furloughed.

26.     Initially, Plaintiff was told that his furlough would last 30 days.

27.     However, Plaintiff's furlough was extended every month, after April 2020, by another 30 days.

28.     Defendants' other employees performing the same or similar jobs as Plaintiff, but who were younger and non-disabled, continued to work and were not furloughed.

29.     Plaintiff noticed that Defendants only furloughed Plaintiff and Robert Young (81 years old) from April 2020 through June 2020, and Plaintiff complained to Defendants about his extended furlough.

30.     On June 2, 2020, Plaintiff received a call from upper management where he was informed his position was being closed.

31.     Upper management informed Plaintiff in that call that he was being offered the position of Line Tech. Plaintiff objected to being reassigned to this position, which is basically an auto mechanic, because it involves tasks that are harder on the body and requires more work.

32.     In order to perform the job duties and responsibilities as Line Tech, Plaintiff would have needed to use both his arms. Defendants knew that the Line Tech position required the use of both arms/hands.

33.     The Line Tech position would have been hard for Plaintiff to work given his age and disability.

34.     Plaintiff informed Defendants that he would have to think about it. Plaintiff was never given a deadline to respond.

35.     As an alternative, and before giving a final response to the Line Tech job offer, Plaintiff requested that, due to his disability, Defendants reassign him to another position he was capable of performing.

36.     On or about June 3, 2020, only one day after Plaintiff was offered the Line Tech position, and before Plaintiff was able to respond to the job offer, Defendants terminated Plaintiff, allegedly because the Shop Foreman Manager position was eliminated and Plaintiff did not accept the Line Tech position.

37.     Defendants' reason for terminating Plaintiff was pretextual, as the real reason for Plaintiff's termination was his age and disability.

38.     It is Plaintiff's belief that during or around the time of his termination, Assistant Shop Foreman, Robert Young, who was 81 years old, was also terminated.

39.     At the time of Plaintiff's termination, Plaintiff was 61 years old, and consequently, a member of a protected class of individuals over the age of 40.

40.     During or around the time of Plaintiff's termination, Defendants did not terminate employees who were younger than 40 years old and/or not disabled or perceived as disabled.

41.     Plaintiff was replaced by Jorge Santos, who is younger than 40 years old and not disabled.

## COUNT I: DISCRIMINATION BASED AGE
## IN VIOLATION OF THE ADEA – HOSTILE WORK ENVIRONMENT

42.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

43.     Plaintiff is over 40 years old and is within a protected class.

44.     Plaintiff was qualified to perform his job.

45.     At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by, *inter alia*, subjecting Plaintiff to non-welcomed harassment and creating a hostile work environment because of Plaintiff's age.

46.     For example, without explanation or good cause, Manager Riverol continuously subjected Plaintiff to badgering and name-calling about and due to Plaintiff's age, micromanaged Plaintiff's work, and presented Plaintiff with the ultimatum to work as line tech, which he was unable to do due to his age. This unwelcomed harassment created a hostile work environment.

47.     The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendants and to create a discriminatorily abusive working environment. Plaintiff never agreed or consented to the hostile work environment or disparate treatment he was subjected to. Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from unwelcomed harassment and abuse.

48.     Although Defendants were made aware of the discriminatory treatment Plaintiff was subjected to, Defendants failed to adequately address Plaintiff's complaints.

49.     Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are over 40 years old.

50.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

51.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

52.     The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Award Plaintiff reasonable costs and attorneys' fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: DISCRIMINATION BASED AGE
## IN VIOLATION OF THE ADEA – DISPARATE TREATMENT

53.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

54.      Plaintiff is over 40 years old and is within a protected class.

55.      Plaintiff was qualified to perform his job.

56.      At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by, *inter alia*, treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment because of Plaintiff's age.

57.     The disparate treatment of Plaintiff by Defendants was due to Plaintiff's age. Plaintiff's colleagues who were similarly situated, but younger than Plaintiff, were not treated similarly to Plaintiff.

58.     For example, Manager Riverol and Mike Lucia continuously and repeatedly made discriminatory and harassing remarks to Plaintiff regarding his age and treated Plaintiff differently due to his age.

59.     Additionally, without explanation or good cause, Defendants terminated Plaintiff, as well as 81 year old Mr. Robert Young, based on age. Instead, Plaintiff was replaced by Jorge Santos, who is younger than 40 years old.

60.     The disparate treatment of Plaintiff by Defendants was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendants.

61.     Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from disparate treatment.

62.     Although Defendants were made aware of the discriminatory treatment Plaintiff was subjected to, Defendants failed to adequately address Plaintiff's objections.

63.     Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are over 40 years old.

64.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

65.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

SAENZ & ANDERSON, PLLC

66.     The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Award Plaintiff reasonable costs and attorneys' fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III: RETALIATION BASED ON AGE
## IN VIOLATION OF THE ADEA – TERMINATION

67.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

68.     Plaintiff is over 40 years old and is within a protected class.

69.     Plaintiff was qualified to perform his job.

70.     Plaintiff engaged in protected activity when he objected to the discriminatory treatment in the workplace due to his age.

71.     Defendants intentionally engaged in unlawful employment practices and retaliation in violation of the ADEA by terminating Plaintiff because Plaintiff objected to the discriminatory treatment in the workplace due to his age.

72.     Defendants thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the ADEA.

73.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

74.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

75.     The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Award Plaintiff reasonable costs and attorneys' fees; and

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

F.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT IV: DISCRIMINATION BASED AGE
IN VIOLATION OF THE FCRA – HOSTILE WORK ENVIRONMENT**

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

77. Plaintiff is over 40 years old and is within a protected class.

78. Plaintiff was qualified to perform his job.

79. At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, subjecting Plaintiff to unwelcomed harassment and creating a hostile work environment because of Plaintiff's age.

80. For example, without explanation or good cause, Manager Riverol continuously subjected Plaintiff to badgering and name-calling about and due to Plaintiff's age, micromanaged Plaintiff's work, and presented Plaintiff with the ultimatum to work as line tech, which he was unable to do due to his age. This unwelcomed harassment created a hostile work environment.

81. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment with Defendants and to create a discriminatorily abusive working environment. Plaintiff never agreed or consented to the hostile work environment or disparate treatment he was subjected to. Rather, Plaintiff complained to Defendants.

82. Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from unwelcomed harassment and abuse.

83. Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are over 40 years old.

84. Although Defendants were made aware of the hostile work environment and disparate treatment Plaintiff was subjected to, Defendants failed to adequately address Plaintiff's complaints.

85. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

86. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

87. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and, emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees;

F.   Award Plaintiff prejudgment interest on his damages award; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT V: DISCRIMINATION BASED AGE
### IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

88.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

89.     Plaintiff is over 40 years old and is within a protected class.

90.     Plaintiff was qualified to perform his job.

91.     At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment because of Plaintiff's age.

92.     The disparate treatment of Plaintiff by Defendants was due to Plaintiff's age. Plaintiff's colleagues who were similarly situated, but younger than Plaintiff, were not treated similarly to Plaintiff.

93.     For example, Manager Riverol and Mike Lucia continuously and repeatedly made discriminatory and harassing remarks to Plaintiff regarding his age and treated Plaintiff differently due to his age.

94.     Additionally, without explanation or good cause, Defendants terminated Plaintiff, as well as 81 year old Mr. Robert Young, based on age. Instead, Plaintiff was replaced by Jorge Santos, who is younger than 40 years old.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800            Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

95.     The disparate treatment of Plaintiff by Defendants was due to Plaintiff's age. Plaintiff's colleagues who were similarly situated, but younger than Plaintiff, were not treated similarly to Plaintiff.

96.     The disparate treatment of Plaintiff by Defendants was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendants.

97.     Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from disparate treatment.

98.     Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are over 40 years old.

99.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

100.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

101.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

SAENZ & ANDERSON, PLLC

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff prejudgment interest on his damages award; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VI: RETALIATION BASED AGE
## IN VIOLATION OF THE FCRA – TERMINATION

102.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

103.    Plaintiff is over 40 years old and is within a protected class.

104.    Plaintiff was qualified to perform his job.

105.    Plaintiff engaged in protected activity when he complained about discriminatory treatment in the workplace due to his age.

106.    Defendants intentionally engaged in unlawful employment practices and retaliation in violation of the ADEA by terminating Plaintiff because Plaintiff objected to the discriminatory treatment in the workplace due to his age.

107.    Defendants thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

SAENZ & ANDERSON, PLLC

108.    As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

109.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

110.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff prejudgment interest on his damages award; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                     Telephone: 305.503.5131
Aventura, Florida 33180                                        Facsimile: 888.270.5549

17

## COUNT VII: DISPARATE TREATMENT- DISCRIMINATION
## BASED ON DISABILITY IN VIOLATION OF THE ADA

111.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

112.   At all times material, Plaintiff was disabled or perceived as disabled.

113.   At all times material, Defendants were aware of Plaintiff's disability or perceived disability.

114.   At all times material, Plaintiff was qualified to perform the essential functions of his job.

115.   At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by, *inter alia*, treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment because of Plaintiff's age.

116.   For example, without explanation or good cause, Defendants terminated Plaintiff because of his disability or perceived disability.

117.   The disparate treatment of Plaintiff by Defendants was due to Plaintiff's disability or perceived disability. Plaintiff's colleagues who were similarly situated, but did not have a disability or perceived disability, were not treated similarly to Plaintiff.

118.   The disparate treatment of Plaintiff by Defendants was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendants.

119.   Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from discrimination.

120.    Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are disabled or perceived as disabled.

121.    Although Defendants were made aware of the hostile work environment and disparate treatment Plaintiff was subjected to, Defendants failed to adequately address Plaintiff's complaints.

122.    As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

123.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

124.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Award Plaintiff reasonable costs and attorneys' fees; and

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

F.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VIII: DISCRIMINATION BASED ON HANDICAP
## IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

125.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5-36 above as if set out in full herein.

126.   At all times material, Plaintiff was handicap.

127.   At all times material, Defendants were aware of Plaintiff's handicap.

128.   At all times material, Plaintiff was qualified to perform the essential functions of his job.

129.   At all times material, Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment because of Plaintiff's handicap.

130.   For example, without explanation or good cause, Defendants terminated Plaintiff because of his disability or perceived disability.

131.   The disparate treatment of Plaintiff by Defendants was due to Plaintiff's handicap. Plaintiff's colleagues who were similarly situated, but did not have a handicap, were not treated similarly to Plaintiff.

132.   The disparate treatment of Plaintiff by Defendants was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendants.

SAENZ & ANDERSON, PLLC

133.     Defendants, as Plaintiff's employer, were responsible for maintaining a working environment free from disparate treatment.

134.     Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who have a handicap.

135.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

136.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendants' conduct.

137.     The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                     Facsimile: 888.270.5549

F.   Award Plaintiff prejudgment interest on his damages award; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IX: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

133.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

134.    At all times material, Plaintiff was handicap.

135.    At all times material, Defendants were aware of Plaintiff's handicap.

136.    At all times material, Plaintiff was qualified to perform the essential functions of his job.

137.    Because Plaintiff is handicap, Plaintiff requested to not work as a line technician and offered to work in the Human Resources department.

138.    Defendants denied Plaintiff's reasonable requests for accommodations, and in fact, terminated Plaintiff's employment.

139.    Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendants.

140.    The accommodations requested by Plaintiff were reasonable.

141.    Defendants intentionally engaged in unlawful employment practices and discrimination by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, failing to accommodate Plaintiff because of Plaintiff's handicap and subsequently terminating Plaintiff's employment.

142.    Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment.

143.    The discrimination of Plaintiff by Defendants was based on Plaintiff's handicap.

144.    As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

145.    Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

146.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A.  Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT X: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

147.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

148.    At all times material, Plaintiff was disabled or perceived as disabled.

149.    At all times material, Defendants were aware of Plaintiff's disability or perceived disability.

150.    At all times material, Plaintiff was qualified to perform the essential functions of his job.

151.    Because Plaintiff is disabled or perceived as disabled, Plaintiff requested to not work as a line technician and offered to work in the Human Resources department.

152.    Defendants denied Plaintiff's reasonable requests for accommodations, and in fact, terminated Plaintiff's employment.

153.    Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendants.

154.    The accommodations requested by Plaintiff were reasonable.

155.    Defendants intentionally engaged in unlawful employment practices and discrimination by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, failing to accommodate Plaintiff because of Plaintiff's handicap and subsequently terminating Plaintiff's employment.

156.    Defendants thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

157.    The discrimination of Plaintiff by Defendants was based on Plaintiff's disability or perceived disability.

158.    As a direct and proximate result of the actions of Defendants set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

159.    Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendants' conduct.

160.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the ADA;

C. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: August 30, 2021.                    Respectfully submitted,

                                           By: **/s/ Tanesha W. Blye**
                                           Tanesha W. Blye, Esq.
                                           Fla. Bar No.: 0738158
                                           Aron Smukler, Esq.
                                           Fla. Bar. No.: 297779
                                           R. Martin Saenz, Esq.
                                           Fla. Bar. No. 640166
                                           SAENZ & ANDERSON, PLLC
                                           20900 NE 30th Avenue, Ste. 800
                                           Aventura, Florida 33180
                                           Telephone: (305) 503-5131
                                           Facsimile: (888) 270-5549
                                           *Trial Counsel for Plaintiff*